UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNINGTON MCDANIELS,

        Petitioner,

                              CASE NO. 08-11548

v.

                              HONORABLE STEPHEN J. MURPHY, III

JOHN PRELESNIK,

       Respondent.

_____/

## **ORDER GRANTING PETITIONER'S MOTIONS TO HOLD PETITION IN ABEYANCE**

Petitioner Pennington McDaniels ("McDaniels") has filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder and felony firearm. He is serving a life sentence for the murder and has raised several claims regarding his confession, the bindover, his right of confrontation, the prosecutor's conduct, the trial court's jurisdiction, his former attorneys, the jury instructions, and the sufficiency of the evidence.

Currently pending before the Court are McDaniels' motions to hold his habeas petition in abeyance so that he can exhaust state remedies for three new claims. The proposed new claims allege that (1) there was a failure to correct false testimony, (2) trial counsel was ineffective for failing to investigate and to object to the false testimony, and (3) appellate counsel was ineffective for failing to investigate and to raise the prior two issues on direct appeal.

McDaniels concedes that he did not exhaust state remedies for his proposed new

claims, as required by 28 U.S.C. § 2254(b)(1).  And, if the Court were to dismiss this action to enable McDaniels to return to state court, a subsequent habeas petition might be barred from review by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay and abeyance" approach.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  Under this approach, courts stay the habeas petition while the inmate returns to state court to pursue additional state remedies for his unexhausted claims.  *Id.*  As explained in *Duncan v. Walker*, 533 U.S. 167 (2001),

> there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so when [28 U.S.C. § 2254(b)(2)] gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims . . . and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

*Id.* at 182-83 (Stevens, J., concurring in part and concurring in the judgment).  After the inmate pursues state remedies for his or her new claims, courts can lift the stay and allow the inmate to proceed in federal court.  *Rhines*, 544 U.S. at 275-76.  Stay and abeyance are available in limited circumstances, however, such as when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay.  *Id.* at 277-78.

McDaniels alleges that he is not engaged in abusive litigation tactics, and, without more information about his new claims or the state court record[1], the Court is unable to say

---

[1] Although the State has filed an answer to the habeas petition, it has not filed the relevant state court pleadings, orders, and transcripts, which are needed to

whether the proposed new claims are plainly meritless.  Furthermore, McDaniels alleges that his new claims were recently discovered and, therefore, could not have been raised earlier.  Although he has already filed one post-conviction motion in state court, second or successive motions are permitted for "a claim of new evidence that was not discovered before the first such motion."  Mich. Ct. R. 6.502(G)(2).

The Court concludes that it is not an abuse of discretion to hold this case in abeyance while McDaniels pursues additional remedies in state court.  Accordingly, his motions to hold the habeas petition in abeyance [Dkt. #12 & 14] are **GRANTED**.  McDaniels' exhausted claims will be held in abeyance, provided that he files a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order.  If he is unsuccessful in state court, he may move to re-open this case within **sixty (60) days** of exhausting state remedies for his new claims.  The Clerk of Court is **ORDERED** to close this case for statistical purposes.  This administrative closing shall not be construed as a dismissal or adjudication of McDaniels' exhausted claims.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  August 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

---

adjudicate McDaniels' claims.